UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE JOY,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>THE MORTGAGE LAW FIRM, PLC, et al.<br><br>　　　　　　　Defendants. | Case No.: 15cv2735 BTM(NLS)<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

Defendants JPMorgan Chase Bank, N.A. ("Chase"), and Defendants Seterus, Inc. ("Seterus") and Federal National Mortgage Association ("FNMA") have filed motions to dismiss. For the reasons discussed below, the Court **GRANTS** Defendants' motions to dismiss.

## I. BACKGROUND

On August 11, 2015, Plaintiff commenced this action in state court. On December 7, 2015, Chase removed the action.

According to the Complaint, on November 8, 2005, Plaintiff obtained a residential loan in the amount of $359,650 from Chase. (Compl. ¶ 8.) The loan was secured by a deed of trust ("DOT") on the property (the "Property") located at 4533 Sauk Avenue, San Diego, CA  92117. (Compl. ¶ 8; Ex. 1 to Def.'s RJN.) The Deed of Trust identified Fidelity National Title as the Trustee.

On April 2, 2013, Chase substituted NDEx West, LLC as the new Trustee. (Ex. 2 to Def.'s RJN.)

On or about August 3, 2013, Plaintiff and Chase entered into a Loan Modification Agreement with the effective date of September 1, 2013. The Loan Modification Agreement was recorded on October 1, 2013. (Ex. 3 to Def.'s RJN.)

On December 8, 2014, Chase executed an Assignment of Deed of Trust, which conveyed all beneficial interest in the DOT to FNMA. (Ex. 4 to Def.'s RJN.)

On February 18, 2015, Seterus, as authorized subservicer for FNMA, executed a Substitution of Trustee that substituted The Mortgage Law Firm, PLC, as Trustee. (Ex. 5 to Def.'s RJN.)

On February 27, 2015, The Mortgage Law Firm recorded a Notice of Default. (Ex. 6 to Def.'s RJN.) According to the Notice of Default, Plaintiff owed $10,477.77 as of February 25, 2015.

According to Seterus and FNMA, no Trustee's Sale has been recorded, and no sale has taken place.

## II. STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, 565 U.S. 662, 679 (2009) (internal quotation marks omitted). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. Id.

## III. DISCUSSION

A. Subject Matter Jurisdiction

In her Opposition, Plaintiff challenges the Court's jurisdiction on the ground that complete diversity of citizenship does not exist because The Mortgage Law Firm is a citizen of California. Defendants argue that the citizenship of The Mortgage Law Firm can be ignored because it is a nominal, non-monetary party. The Court is not entirely convinced by this argument,[1] but nonetheless finds that subject matter jurisdiction exists because the Ninth Circuit has held that federal question jurisdiction exists over claims brought by or against Fannie Mae. Lightfoot v. Cedant Mortg. Corp., 769 F.3d 681, 683 (9th Cir. 2014). Because the claims brought against FNMA are intertwined with those brought against the other defendants, the Court exercises supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a common nucleus of operative fact with the federal claims and the state and federal claims would normally be tried together.") (internal quotations and citation omitted).

B. Motions to Dismiss

Defendants seek dismissal of the Complaint in its entirety. As discussed

---

[1] See Sublett v. NDEX West, LLC, 2011 WL 663745, at *2 (S.D. Cal. Feb. 14, 2011) (explaining, "Furthermore, the State statute allowing for declarations of nonmonetary status does not render a defendant a sham defendant or a purely nominal party. A defendant's declaration of nonmonetary status, which excuses a party from active participation in the case, is not conclusive."); see also Hershcu v. Wells Fargo Bank, N.A., 2012 WL 439698, at *2 (S.D. Cal. Feb. 10, 2012) (rejecting argument that the trustee, who had filed a Declaration of Non-Monetary Status, was a sham defendant or purely nominal party and remanding case); Carrillo v. ETS Services, LLC, 2011 WL 12873783, at *3-4 (C.D. Cal. Jan. 28, 2011) (holding that because section 2924l does not apply in federal court, diversity did not exist as of the date of removal).

below, the Court agrees that Plaintiff has not stated a claim with respect to any of her causes of action.

### 1. Violation of Cal. Civ. Code § 2923.5 and Violation of Homeowners Bill of Rights.

In her first and second causes of action, Plaintiff alleges that Defendants violated Cal. Civ. Code § 2923.5 and the California Homeowners Bill of Rights by failing to notify Plaintiff, 30 days before recording the Notice of Default, of her right to request a meeting or alternatives to foreclosure, including loan modification.

Section 2923.5 applies only to depository institutions chartered under state or federal law that, during its immediately preceding annual reporting period, foreclosed on 175 or fewer residential real properties. Cal. Civ. Code §§ 2923.5(g), 2924.18(b). In contrast, Cal. Civ. Code § 2923.55 does not apply to entities described in § 2924.18(b).

Whether section 2923.5 or 2923.55 applies to a given defendant, Plaintiff fails to state a claim under either section. Both sections provide that a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent may not record a notice of default until, among other things, 30 days has passed since the mortgage servicer made initial contact with the borrower or satisfied the due diligence requirements set forth in the statutes. Cal. Civ. Code §§ 2923.5(a)(1)(A), 2923.55(a)(1)(2). During initial contact, by telephone or in person, the mortgage servicer must advise the borrower that he or she has the right to request a subsequent meeting (to occur within 14 days of the request), may assess the borrower's financial situation and discuss options (or may wait to do this until any subsequent meeting), and must provide the toll-free telephone number to find a HUD-certified housing counseling agency. Cal. Civ. Code §§ 2923.5(a)(2), 2923.55(b)(2). But actual contact with the borrower is excused if the mortgage servicer acted with "due diligence," as defined by the statutes. Cal. Civ. Code §§

2923.5(e), 2923.55(f).[2]

Plaintiff's Complaint alleges that Defendants did not contact her in person or by telephone, during the 30 days prior to the filing of the Notice of Default, to assess her financial situation or explore options to avoid foreclosure. (Compl. ¶¶ 36, 45.) However, the statute requires initial contact 30 days *or more* prior to the filing of the notice of default. Thirty days is the *minimum* amount of time that must have elapsed since the initial contact. Plaintiff does not allege that Defendants did not contact her *prior* to the 30-day period. Furthermore, even if Defendants did not successfully contact Plaintiff by telephone or person, Plaintiff does not allege that Defendants failed to satisfy the due diligence requirements.

Accordingly, Plaintiff has failed to allege sufficient facts to state a plausible claim that § 2923.5 and/or § 2923.55 were violated.

2. Negligence

Plaintiff's third cause of action alleges that Defendants owed her a duty not to defraud her but breached that duty by "maliciously and fraudulently, promulgating counterfeit securities and fraudulent assignment instrument." (Compl. ¶ 50.)

Plaintiff's negligence claim fails because Plaintiff cannot establish that Defendants owed her a duty of care. In Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991), the California Court of Appeal explained that generally, "a financial institution owes no duty of care to a borrower when the

---

[2] Among other things, due diligence requires the mortgage servicer to: (1) provide certain information on the homepage of its website, if any; (2) provide a means for the borrower to contact it in a timely manner, including a toll-free telephone number; (3) send a first-class letter that includes the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency; (4) attempt to contact the borrower by telephone at least three times at different hours and on different days (after the letter has been sent); and (5) send a certified letter that includes the toll-free telephone number to find a HUD-certified housing counseling agency if the borrower does not respond within two weeks after the telephone call requirements have been satisfied. Cal. Civ. Code §§ 2923.5(e), 2923.55(f).

institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Id. at 1096.  Similarly, courts have held that loan servicers do not owe a duty of care to the borrowers of the loans that they service, and trustees under a deed of trust do not owe a special duty to the trustor.  Morgan v. U.S. Bank Nat. Ass'n., 2012 WL 6096590, at * 5 (N.D. Cal. Dec. 7, 2012).

Furthermore, as discussed in greater detail below, Plaintiff has not established plausible claims based on the securitization of her loan or fraudulent assignments.

3. Injunctive Relief

Plaintiff's fourth cause of action seeks injunctive relief that precludes Defendants from pursuing non-judicial foreclosure against the Property.  Plaintiff alleges that Defendants lack standing to institute or maintain non-judicial foreclosure.

Plaintiff makes conclusory allegations that Chase unlawfully conveyed all beneficial interest under Plaintiff's Note to FNMA, Chase unlawfully made Seterus a sub-servicer for FNMA, and the substitution of trustee that allegedly substituted The Mortgage Law Firm was not lawfully executed.  (Compl. ¶¶ 11, 13, 17.) According to the documents recorded with the San Diego County Recorder's Office, FNMA is the beneficiary of the DOT, Seterus is the sub-servicer for FNMA, and The Mortgage Law Firm is the Trustee.  (Def.'s RJN Exs. 1-5.)

Plaintiff also challenges the standing of Defendants on the ground that they cannot show proper receipt or possession of the original Promissory Note and Deed of Trust. (Compl. ¶¶ 23-25.)  Plaintiff's theory that Defendants must possess the original note and Deed of Trust lacks merit.  California Civil Code §§ 2924-2924k provide a "comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust."  Moeller

1  v. Lien, 25 Cal. App. 4th 822, 830 (1994).  Within this framework, nonjudicial
2  foreclosure proceedings can be instituted by "the trustee, mortgagee, or
3  beneficiary, or any of their authorized agents" by filing a notice of default with the
4  office of the recorder.  Cal. Civ. Code § 2924(a)(1).  No less than three months
5  after the filing of the notice of default, a notice of sale may be given by "the
6  mortgagee, trustee, or other person authorized to take the sale." Cal. Civ. Code §
7  2924(a)(3).  There is absolutely no requirement that the original note and Deed of
8  Trust be in possession of or produced by the party filing the notice of default or
9  giving the notice of sale.

Because Plaintiff has failed to allege sufficient facts establishing that Defendants lack standing to pursue non-judicial foreclosure against the Property, Plaintiff's claim for injunctive relief is dismissed.

### 4. Fraud in the Concealment

In Plaintiff's fifth cause of action, Plaintiff alleges that Chase and Doe Defendants concealed the fact that Plaintiff's loan "would be included in a pool with other notes, split into tranches, and multiple investors would effectively buy shares of the income stream from the loans."  (Compl. ¶ 67.)  Plaintiff alleges that "changing the character of her loan in this way had a materially negative effect on Plaintiff" and that had the truth been disclosed, Plaintiff would not have entered into the loan with Chase.  (Compl. ¶¶ 68-69.)  Plaintiff claims that the actions of Defendants had an adverse effect on the value of the home and that she has been damaged as a result.  (Compl. ¶¶ 71-73.)

Plaintiff does not explain why the securitization of her loan would have any effect on her or the value of her home.  Absent any facts establishing that Plaintiff was harmed by not knowing about the securitization, Plaintiff cannot maintain a

claim for fraud.[3]

5. Miscellaneous Claims

The Complaint also asserts claims for slander of title, quiet title, declaratory relief, rescission, and violation of Cal. Bus. & Prof. Code § 17200.  These claims are premised on Plaintiff's theories regarding Defendants' lack of standing and fraudulent concealment, which fail for the reasons discussed above.  Therefore, these claims are also dismissed for failure to state a claim.

## IV.  CONCLUSION

For the reasons discussed above, Defendants' motions to dismiss [Docs. 6 & 7] are **GRANTED**.  Plaintiff's Complaint is **DISMISSED** in its entirety for failure to state a claim.[4]  The Court grants Plaintiff leave to file an amended complaint.  If Plaintiff chooses to do so, the amended complaint must filed within 30 days of the entry of this Order.  Failure to do so will result in the closing of this case.

**IT IS SO ORDERED.**

Dated:  May 19, 2016

_____
Barry Ted Moskowitz, Chief Judge
United States District Court

---

[3] The Complaint also includes allegations that the securitization was improper because the assignment of the Note and Deed of Trust was not carried out in conformity with the Pooling and Service Agreement and applicable law.  (Compl. ¶¶ 28-29.)  However, borrowers lack standing to challenge the securitization of their loans or to enforce pooling and service agreements. See Kennedy v. World Savings Bank, FSB, 2015 WL 1814634, at *6 (N.D. Cal. Apr. 21, 2015); Jenkins v. J.P. Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 515 (2013) ("As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [a plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions.").

[4] It is unclear whether The Mortgage Law Firm, PLC, has been served with the Complaint.  The Mortgage Law Firm has not yet made an appearance and did not file a motion to dismiss.  However, the reasons for dismissing the claims against the other defendants apply equally to The Mortgage Law Firm.